**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

UNITED STATES OF AMERICA,
Plaintiff,
v.
WILLIAM WHITE JR.,
Defendant
No. 01C 3420
Magistrate Judge
MAGISTRATE JUDGE
GERALDINE SOAT BROWN
MAGISTRATE GENERAL
DOCKETED
MAY 1 1 2001
U.S. DISTRICT COURT
01 MAY 10 AM 9:04
FILED-ED4

**COMPLAINT**

The United States of America, by SCOTT R. LASSAR, United States Attorney for the Northern District of Illinois, brings this action against the defendant, William White Jr. and for its cause of action states:

1. This court has jurisdiction over this matter pursuant to 28 U.S.C. § 1345.

2. The defendant resides within the jurisdiction of this court.

3. Pursuant to the provisions of Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. §§ 1071 - 1087ii, the defendant executed promissory note(s) as more fully set forth in the Certificate of Indebtedness attached hereto as Exhibit "A". A copy of the note(s) is attached hereto as Exhibit "B".

4. Although demand has been made for payment, there remains due and owing the principal sum of $2,801.63, plus interest to September 11, 1999 in the sum of $1,986.64 at 10.000% per annum from date of default.

WHEREFORE, plaintiff demands judgment against the defendant as follows:

a. in the amount of $4,788.27 ($2,801.63 principal and $1,986.64 interest accrued through September 11, 1999 and administrative/penalty charges of $.00;

b. interest to continue to accrue at the rate of 10.000% per annum until the date of judgment;

c. interest from the date of judgment at the statutory rate pursuant to 28 U.S.C. §1961 until paid in full;

d. costs of suit, including but not limited to, a filing fee of $150.00, as authorized by 28 U.S.C. § 2412(a)(2), and

e. for such other proper relief as this court may deem just.

Respectfully submitted,

SCOTT R. LASSAR
United States Attorney

By: MARGARET M. KEEN
Attorney for Plaintiff
TELLER, LEVIT & SILVERTRUST, P.C.
11 E. Adams Street -- Suite 800
Chicago, IL 60603

**U. S. DEPARTMENT OF EDUCATION**
**SAN FRANCISCO, CALIFORNIA**

William White Jr.
11314 S State St.
Chicago, IL. 60628-4824

I certify that Department of Education records show that the borrower named above is indebted to the United States in the amount stated below plus additional interest from 09/11/99.

On or about 12/14/89, the borrower executed promissory note(s) to secure loan(s) of $2,625.00 from Aetna Bank at 10.00 percent interest per annum. This loan obligation was guaranteed by Illinois Student Assistance Commission and then reinsured by the Department of Education under loan guaranty programs authorized under Title IV-B of the Higher Education Act of 1965, as amended, 20 U.S.C. 1071 et seq. (34 CFR. Part 682). The holder demanded payment according to the terms of the note(s), and credited $0.00 to the outstanding principal owed on the loan(s). The borrower defaulted on the obligation on 08/22/91, and the holder filed a claim on the guarantee.

Due to this default, the guaranty agency paid a claim in the amount of $2,801.63 to the holder. The guarantor was then reimbursed for that claim payment by the Department under its reinsurance agreement. The guarantor attempted to collect the debt from the borrower. The guarantor was unable to collect the full amount due, and on 12/08/98, assigned its right and title to the loan(s) to the Department.

Since assignment of the loan, the Department has received a total of $0.00 in payments from all sources, including Treasury Department offsets, if any. After application of these payments, the borrower now owes the United States the following:

| | |
|---|---|
| Principal: | $2,801.63 |
| Interest: | $1,986.64 |
| Administrative/Collection Costs: | $ 0.00 |
| Late fees | $ 0.00 |
| Total debt as of 09/11/99: | $4,788.27 |

Interest accrues on the principal shown here at the rate of $0.77 per day.

Pursuant to 28 U.S.C. § 1746(2), I certify under penalty of perjury that the foregoing is true and correct.

Executed on: 9/20/99

Name: [signature]
Title: LOAN ANALYST
Branch: LITIGATION BRANCH

ISSC*
106 WILMOT ROAD
DEERFIELD, IL 60015
(312) 948-8550

GSL APPLICATION/PROMISSORY NOTE

WARNING: THE ASSISTANCE APPLIED FOR HEREIN IS PROVIDED BY THE UNITED STATES. ANY PERSON WHO KNOWINGLY MAKES A FALSE STATEMENT OR MISREPRESENTATION ON THIS FORM SHALL BE SUBJECT TO PROSECUTION UNDER PROVISIONS OF THE UNITED STATES CRIMINAL CODE.

12915476

BORROWER NAME, ADDRESS

0 2 9 9 7 0

White, William
324 E. 115th Street
Chicago, Il 60628

LENDER NAME, ADDRESS

Aetna Bank
2401 N. Halsted
Chicago, Il 60614

CODE # 829256

DEC - 1989

I hereby apply for a Guaranteed Student Loan (GSL) in an amount up to $ 2625.00. I understand this application cannot be approved or disbursed until the lender receives a Notice of Guarantee/Disclosure Statement from ISSC and I further understand that the Notice of Guarantee/Disclosure Statement will indicate the actual amount of my loan as determined by my educational institution. I understand the lender shall mail directly to me a copy of the Notice of Guarantee/Disclosure Statement prior to disbursement. I agree to check the Notice of Guarantee/Disclosure Statement as soon as I receive it and to inform the lender if I have any questions or if I am not satisfied with the terms of the loan. If I am not satisfied with the terms of the loan, as detailed on the Notice of Guarantee/Disclosure Statement, I may cancel this agreement by returning my loan check(s) to the lender.

REFERENCES -- The borrower must provide three separate adult references with different addresses. The first reference must be a parent, or if deceased, the nearest living adult relative other than a spouse. The two remaining references must be employed adults who will know the borrower's address at all times. Students may not be used as references.

| | Name and Address | (Area Code) Phone No. | Employer (Name, Address & Phone No.) | Relationship to the borrower |
|---|---|---|---|---|
| 1. | | | | |
| 2. | | | | |
| 3. | | | | |

## PROMISE TO PAY STATEMENT

1. For value received I, William White (the borrower) promise to pay Aetna Bank (the lender) or to a subsequent holder of this Application/Promissory Note, the principal sum of $ 2,625.00, to the extent it is disbursed to me, plus any amount equivalent to simple interest on this sum at the rate of 8 percent per year. I agree that if I am borrowing for the first time and for a period of instruction which begins on or after 7/1/88, the interest rate on this and any subsequent loan I may obtain will increase from 8% to 10% after the 48th month of the repayment period. If I fail to pay any of these amounts when they are due, I will also pay all charges and other costs --including attorney's fees-- that are permitted by Federal law and regulations for the collection of these amounts which do not exceed 25 percent of the unpaid principal and accrued interest.

2. The U.S. Secretary of Education (Secretary) will pay the interest that accrues on this loan prior to the repayment period and during any approved deferment period, if the lender determines that I qualify to have such payments made on my behalf under the regulations governing the GSL program. In the event the interest on this loan is payable by the Secretary, the lender may not attempt to collect this interest from me. I may, however, choose to pay this interest myself.

3. I will repay this loan in periodic installments during a repayment period that will begin no later than 6 months (the "grace period") after my graduation date or the month I either leave an eligible educational institution or cease to carry at least one half the normal full-time academic workload (whichever comes first). However, during the grace period I may request that the repayment period begin earlier.

4. Once the repayment period begins, I will be responsible for payment of all the interest that accrues on this loan except interest payable by the Secretary during any period described under DEFERMENT on the Borrower's Rights and Responsibilities sheet.

5. The lender may add any interest to the unpaid principal balance of this loan that is not paid when it is due, in accordance with regulations governing the GSL program.

6. I understand and agree that this loan shall not be disbursed until the lender receives the Notice of Guarantee/Disclosure Statement from ISSC and that in no event shall funds disbursed exceed the amount guaranteed by ISSC.

I confirm that this is a loan and must be paid after termination of my enrollment. I authorize my school to release any data from this form to ISSC. I hereby authorize the school to pay to the lender any refund which may be due me up to the amount of this loan. I further authorize any school that I may attend (or have attended) or ISSC to release to the lending institution, subsequent holder, or their agent, or the U.S. Department of Education, any requested information pertinent to this loan (e.g., employment, enrollment status, prior loan history, current address). I authorize the school, ISSC, the lender, subsequent holder, or their agent to make inquiries to, or respond to inquiries from, my parents or prior lenders, or holders with respect to my application or this loan and related documents. I certify that the proceeds of any loan made as a result of the Application/Promissory Note will be used for educational purposes related to attendance at the educational institution listed on the Notice of Guarantee/Disclosure Statement for the school term for which the loan will be issued. I understand that I am responsible for repaying any funds that I receive which cannot reasonably be attributed to meeting my educational expenses related to the school term stated. I certify that the total amount of loans received under the Guaranteed Student Loan Program will not exceed the maximums allowable by law. I certify that I do not owe a refund on a Pell Grant, Supplemental Educational Opportunity Grant, Byrd Scholarship, or State Student Incentive Grant. I certify that I am not now in default on an educational loan under the following programs: Guaranteed Student Loan, Federal Insured Student Loan, Perkins Loan (formerly called National Direct Student Loan), PLUS loan, Consolidation Loan, ALAS loan, or SLS loan program. I have complied with the Selective Service requirements. I authorize the use of my social security account number on this Application/Promissory Note and the obtaining and giving of credit reports on me in connection with this loan. I authorize the school at any time to release information concerning my use of the loan funds.

I hereby acknowledge that I have read both sides of this Application/Promissory Note and a separate sheet entitled "Borrower's Rights and Responsibilities". There are no blank spaces on this Application/Promissory Note above my signature. I have received an exact copy of this Application/Promissory Note. Any and all information contained on financial aid documents I sign and which are utilized to determine eligibility for this loan are hereby incorporated into this Application/Promissory Note. I certify that all the data listed above is true and correct.

X William H. White
Signature of Borrower

Social Security Number

12/14/89
Date Signed

(000) 000-0000
(Area Code) Phone No.

COMMENT SECTION:

PLAINTIFF'S EXHIBIT "B" NO. 142

PENGAD-Bayonne, N. J.

ORIGINAL - LENDER    2ND COPY - LENDER    3RD COPY - BORROWER

## AGREEMENTS

[illegible] I, me and mine refer to the borrower. The words you and yours refer to the lender [illegible] holder. Before funds are disbursed, I must sign this Application/Promissory [illegible] the loan proceeds must be forwarded to the school; however, if I am attending a [illegible] the lender may disburse funds directly to me. You and I agree that the [illegible] of all my other GSL notes held by you and guaranteed by ISSC* shall be [illegible] to the maturity date of this Application/Promissory Note provided I have not [illegible] repayment on the GSL notes. I agree to observe and comply with all rules of ISSC [illegible] to this guaranteed loan and to inform you and ISSC in writing within 10 days of any [illegible] in my school enrollment status, or in my name or address. I understand [illegible] that this loan is subject to, and this Application/Promissory Note will be [illegible] in accordance with, Title IV, Part B of the Higher Education Act of 1965, as [illegible] regulations issued under the Act. I agree that I must repay this Note though [illegible] 18 years of age when the Note is signed. As a condition of accepting this [illegible] any subsequent legal proceedings necessary to enforce the obligations to [illegible] may be instituted in the County of Cook, State of Illinois, and that I will not object, [illegible] that at the time such proceedings are instituted, I may reside in a [illegible] other than Cook County. If I fail to make any payments when they are due, I will [illegible] and other costs (including, but not limited to, reasonable attorney's fees [illegible] incurred for the collection and/or enforcement of this Note. If a [illegible] (or more), I may be charged $5.00 or 5% of the installment payment, [illegible]

## SECURITY INTEREST

[illegible] or later in your custody, or in transit, shall be subject to a lien for any [illegible] any upon occurrence of a default hereunder, you shall have the [illegible] such funds and property.

## FEES

[illegible] PREMIUM: I agree to pay to you the Insurance Premium, shown on the [illegible] Disclosure Statement in the ITEMIZATION OF THE LOAN [illegible] the loan proceeds are disbursed. I understand that you must pay the [illegible] Premium in an amount which does not exceed 3% of the loan amount [illegible] this fee from the proceeds of the loan.

[illegible] FEE: I agree to pay to you the Origination Fee, shown on the Notice of [illegible] Statement, on the date the loan proceeds are disbursed. This [illegible] the amount authorized by federal law. I understand this Origination Fee [illegible] the loan check is returned uncashed to the lender or the loan is repaid in [illegible] disbursement; or the loan check has not been cashed within 120 days [illegible]

## INTEREST RATE

I understand that if I have an outstanding loan(s) under the Guaranteed Student Loan (GSL) [illegible] rate of 7%, 8%, 9% or less on the date I sign the Note for this [illegible] any subsequent loans I may obtain will also be at the same rate I have [illegible] loan(s).

[illegible] that if I am borrowing for the first time and for a period of enrollment which [illegible] 7/1/83 and before 7/1/88, that loan and any subsequent loans I may [illegible] at a fixed 8% interest rate.

I understand that if I am borrowing a "guaranteed loan"*** for the first time and for a period [illegible] begins on or after 7/1/88, the interest rate on this and any subsequent [illegible] will increase from 8% to 10% after the 48th month of the repayment [illegible] by the Higher Education Act of 1965, as amended, I understand I may [illegible] of interest when the applicable interest rate is 10%.

[illegible] is defined as any GSL, PLUS, SLS or consolidation loan [illegible] Higher Education Act of 1965, as amended. The periods of enrollment for [illegible] are determined by the periods of enrollment for the guaranteed loans [illegible] loan.

## GRACE PERIOD

The "Grace Period" is the period between the time the borrower ceases at least half-time [illegible] educational institution and the time when the borrower must begin to [illegible] loan in regular monthly installments. The grace period is 9 months for a borrower [illegible] months for those with 8% or 9% loans.

## REPAYMENT

Except as provided below, I will repay any GSL loans over a repayment period that generally lasts at least 5 years but not more than 10 years.

If, during the grace period, I request a shorter repayment period, the lender may grant me [illegible] period. In that event, I may later choose to have the repayment period extended to 5 years.

The lender may require a repayment period shorter than 5 years if this is necessary to ensure [illegible] each year of the repayment period I — or, if both my spouse and I have [illegible] Loans (GSL) or Supplemental Loans for Students (SLS) or Auxiliary [illegible] Assist Students (ALAS) outstanding, we — pay toward principal and interest at [illegible] the unpaid balance, whichever is less of the total amount owing to all holders [illegible] GSL, SLS, ALAS and PLUS loans.

If I qualify for postponement of any payments during any period described under DEFERMENT on the "Borrower's Rights and Responsibilities" sheet, or if the lender grants [illegible], those periods will not be included in the 5- and 10-year periods mentioned [illegible]

The particular terms and conditions of repayment that apply to this loan will be set fo[illegible] a separate document, known as a repayment schedule, that the lender will provide [illegible] before the repayment period begins.

Consolidation may be available for borrowers in the GSL program and other educat[illegible] loan programs. For further information, contact ISSC.

## ACCELERATION PROVISION

Upon the occurrence of any of the following events, my GSL notes shall, at your op[illegible] become immediately due and payable if: (1) I fail to make payments when due, o[illegible] installment of interest, unless you agree to allow the accrued interest to be capitalized a[illegible] of the principal amount, or (2) I make a false representation which results in my rece[illegible] a loan for which I am not eligible. In the event of acceleration, interest shall contin[illegible] accrue on my unpaid balance.

## DEFAULT

Default means the failure of a borrower to make an installment payment when due, [illegible] meet other terms of the Promissory Note under circumstances where ISSC fin[illegible] reasonable to conclude that the borrower no longer intends to honor the obligation to r[illegible] provided that this failure persists for —

1. 180 days for a loan repayable in monthly installments; or
2. 240 days for a loan repayable in less frequent installments

If I default on this loan —

1. The lender may declare the entire unpaid amount of the loan, inclu[illegible] interest, immediately due and payable;
2. The lender, holder, or ISSC may disclose to schools I have attended ([illegible] currently attending) information about the default;
3. I will be ineligible to receive assistance from any of the following Fe[illegible] programs: Pell Grant, Supplemental Educational Opportunity G[illegible] College Work-Study, State Student Incentive Grant, Byrd Scholar[illegible] Perkins Loan (formerly called National Direct Student Loans), Gu[illegible] and Student Loans, Supplemental Loans for Students (SLS), PLUS [illegible] or Consolidation Loans; and
4. I will be ineligible for the benefits described under DEFERMENT o[illegible] "Borrower's Rights and Responsibilities" sheet.
5. If ISSC is required under its guarantee to repay my loan(s) because I [illegible] defaulted, ISSC will become the owner of my GSL notes and [illegible] creditor will have all the rights of the original lender to enforce the [illegible] against me.

## CANCELLATION

My loan debt will be cancelled if documentation of my death is submitted to the len[illegible] subsequent holder; or if the lender or subsequent holder and the ISSC accept a state[illegible] submitted to it from a physician verifying my total and permanent disability. I under[illegible] that my loan is not automatically discharged in bankruptcy. The GSL program do[illegible] have provisions which enable this loan to be cancelled or forgiven in whole or in pa[illegible] become a teacher.

## PREPAYMENT

I may, at my option and without penalty, prepay all or any part of the principal of thi[illegible] at any time. If I do so, I will be entitled to a rebate of any unearned interest that I have [illegible]

## CREDIT BUREAU NOTIFICATION

Information concerning the amount of this loan and its repayment will be reported [illegible] or more credit bureau organizations. IF I DEFAULT ON THIS LOAN, THE LEN[illegible] HOLDER OR ISSC WILL ALSO REPORT THE DEFAULT TO CREDIT BUR[illegible] ORGANIZATIONS. THIS MAY SIGNIFICANTLY AND ADVERSELY AFFEC[illegible] ABILITY TO OBTAIN OTHER CREDIT.

The lender, holder or ISSC must notify me at least 30 days in advance that information [illegible] the default will be disclosed to credit organizations unless I enter into repayment on th[illegible] within 30 days.

The lender must provide a timely response to a request from any credit organi[illegible] regarding objections I might raise with that organization about the accuracy and com[illegible] ness of information.

## DEFERMENT

As authorized by Federal law, I have the right to defer payments on my loan as se[illegible] under DEFERMENT on the "Borrower's Rights and Responsibilities" sheet. I unde[illegible] I must provide written evidence that verifies my eligibility for a deferment.

## REPAYMENT BY DEPARTMENT OF DEFENSE

Under certain circumstances, military personnel may have their GSL loans repaid [illegible] Secretary of Defense, in accordance with Section 902 of the Department of D[illegible] Authorization Act 1981 (P.L. 96-342, 10 U.S.C. 2141. note). Questions concerni[illegible] program should be directed to the local Service recruiter. The program describ[illegible] recruiting program and does not pertain to prior service individuals or those not eligi[illegible] enlistment in the Armed Forces.

PLAINTIFF'S EXHIBIT "B" NO. 2&2

PENGAD-Bayonne, N. J.

[illegible] 1987, Illinois State Scholarship Commission (ISSC) — Use of this form is restricted to the ISSC and its authorized [illegible] reproduction of the information contained on this form and/or the use of this form to issue a student loan [illegible] any other persons, corporations or other legal entity is expressly prohibited. ISSC will [illegible] to the fullest extent of the law.

***The ISSC is a State agency and Federal contractor authorized to collect information for the U.S. Department [illegible] Education for use in administration of all federal student aid programs.

ISSC FORM #097 8/88

Printed by the Authority of the State of I[illegible]

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS, EASTERN DIVISION
# Civil Cover Sheet

This automated JS-44 conforms generally to the manual JS-44 approved by the Judicial Conference of the United States in September 1974. The data is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. The information contained herein neither replaces nor supplements the filing and service of pleadings or other papers as required by law. This form is authorized for use only in the Northern District of Illinois.

MAGISTRATE GENERAL **01C 3420**

**Plaintiff(s): UNITED STATES OF AMERICA**

County of Residence:

MAGISTRATE JUDGE GERALDINE SOAT BROWN

Plaintiff's Atty: Margaret Keen
Attorney for Plaintiff
11 East Adams Street
Chicago, IL 60603
312-922-3030

**Defendant(s): WILLIAM WHITE JR.**
**11314 S. State St.**
**Chicago, Il 60628-4854**

County of Residence: COOK

Defendant's Atty:
---

FILED-ED4
01 MAY 10 AM 9:03
CLERK U.S. DISTRICT COURT

DOCKETED
MAY 11 2001

STUDENT LOAN CASE

II. Basis of Jurisdiction: **1 U.S. Gov't Plaintiff**

III. Citizenship of Principal Parties **(Diversity Cases Only)**
Plaintiff: **- N/A**
Defendant: **- N/A**

IV: Origin: **1. Original Proceeding**

V: Nature of Suit: **152 Student Loan - non VA**

VI: Cause of Action: **Dept. of Education defaulted student loan pursuant to Title IV of the Higher Education Act of 1965, as amended, 20 U.S.C. 1087-1087ii**

VII: Requested in Complaint
Class Action: **No**
Dollar Demand: **$5,251.11**
Jury Demand: **No**

VIII. This case **Is Not** a refiling of a previously dismissed case. (If yes case number ___ by Judge___)

Signature: Margaret M. Keen

Date: May 9, 2001

**Revised: 03/10/99**

1-2

# UNITED STATES DISTRICT COURT

**NORTHERN DISTRICT OF ILLINOIS**

MAGISTRATE JUDGE
GERALDINE SOAT BROWN

MAGISTRATE GENERAL

In the Matter of

United States of America,
Plaintiff,

v.

WILLIAM WHITE JR., Defendant.

Case Number: 01C 3420

DOCKETED

MAY 1 1 2001

APPEARANCES ARE HEREBY FILED BY THE UNDERSIGNED AS ATTORNEY(S) FOR:

United States of America, Plaintiff

FILED-ED4
01 MAY 10 AM 9:04
U.S. DISTRICT COURT

| (A) | (B) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME Margaret M. Keen | NAME |
| FIRM Teller Levit & Silvertrust | FIRM |
| STREET ADDRESS 11 East Adams, #800 | STREET ADDRESS |
| CITY/STATE/ZIP Chicago, IL 60603 | CITY/STATE/ZIP |
| TELEPHONE NUMBER 312-922-3030 | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) 6256183 | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☒ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☒ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

| (C) | (D) |
|---|---|
| SIGNATURE | SIGNATURE |
| NAME | NAME |
| FIRM | FIRM |
| STREET ADDRESS | STREET ADDRESS |
| CITY/STATE/ZIP | CITY/STATE/ZIP |
| TELEPHONE NUMBER | TELEPHONE NUMBER |
| IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) | IDENTIFICATION NUMBER (SEE ITEM 4 ON REVERSE) |
| MEMBER OF TRIAL BAR? YES ☐ NO ☐ | MEMBER OF TRIAL BAR? YES ☐ NO ☐ |
| TRIAL ATTORNEY? YES ☐ NO ☐ | TRIAL ATTORNEY? YES ☐ NO ☐ |
| DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ | DESIGNATED AS LOCAL COUNSEL? YES ☐ NO ☐ |

PLEASE COMPLETE IN ACCORDANCE WITH INSTRUCTIONS ON REVERSE.